## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    Civil Action No. 1:22cv1346 (PTG/WEF) |
| | ) |
| MAHA KHEDR et al., | ) <br> ) |
| Defendants. | ) <br> ) |
| _____ | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs Nationwide General Insurance Company and Nationwide Mutual Insurance Company's ("Plaintiffs" or "Nationwide") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).  (Dkt. 43).  Plaintiffs seek entry of default judgment against Defendant Maha Khedr ("Defendant Khedr" or "Ms. Khedr"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the Court these proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.  For the reasons set forth below, the undersigned recommends that Plaintiffs' Motion for Default Judgment be granted and the relief they seek be awarded.[1]

---

[1] Relevant filings before the Court include the Complaint (Dkt. 1) ("Compl."); Declaration of Laura A. Roakes in Support of Motion for Summary Judgment and Motion for Default Judgment (Dkt. 17) ("Roakes Decl."); Memorandum of Law in Support of Plaintiff's Motion for Default Judgment (Dkt. 19) ("Mem. Supp."); Plaintiff's Second Request for Entry of Default (Dkt. 38); Declaration of Daniel L. Robey in Support of Request for Entry of Default (Dkt. 41) ("Robey Decl."); Clerk's Second Entry of Default (Dkt. 42); Plaintiff's Second Renewed Motion for Default Judgment (Dkt. 43) ("Mot. Default J."); and all attachments and exhibits submitted with those filings.

## Procedural Background

On November 28, 2022, Nationwide filed this action for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, against Defendant Bruce Levine, Esquire, Administrator of the Estate of Karim H. Oteifa, Deceased ("Defendant Levine"), and Defendant Khedr.  (Dkt. 1, Compl.).  Nationwide seeks a declaratory judgment for the construction and interpretation of two insurance policies—Nationwide General Insurance Company Homeowner Policy 53 45 HO 899504 (the "Nationwide Homeowner Policy") and Nationwide Mutual Insurance Company Personal Umbrella Liability Policy 53 45 PU 501808 (the "Nationwide Umbrella Policy") (collectively, the "Nationwide Policies").  (Compl. ¶ 1).  Both the Nationwide Homeowner Policy and Nationwide Umbrella Policy were issued by Nationwide to Ms. Khedr and provided her with personal liability coverage and excess personal liability coverage.  (*Id*. ¶ 1-2).  No other insurance policies issued or written by Nationwide afforded insurance coverage or benefits to Defendant Khedr other than the two Nationwide Policies at issue.  (*Id*. ¶ 4).

On May 24, 2020, the son of Ms. Khedr, Karim H. Oteifa (also referred to as Carim Oteifa and hereinafter the "Decedent"), was residing in the property described as Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia, when a fire occurred in the building (hereinafter "the May 24, 2020 fire"), and the Decedent perished.  (*Id*. ¶ 11; Mem. Supp. at 2).  On May 6, 2021, and then again on June 8, 2021, Nationwide received demand letters from Jeffrey M. Zielinkski of the law firm of de Luca Levine demanding $506,347.32 on behalf of claimant Philadelphia Indemnity Insurance Company ("PIIC") for alleged damages to the property at Unit 16, 2906 Kings Chapel Road, Falls Church, Virginia resulting from the fire.  (Compl. ¶¶ 13-15; Compl. Exhs. 4, 5; Roakes Decl. ¶¶ 14-15).  The demand letters indicated that PIIC insured Yorktown Square Unit Owners and "was subrogated to its recovery rights related to this claim"

and PIIC's investigation into the matter revealed that the Decedent caused the fire and was responsible for the damages. (Compl., Exhs. 4, 5, 6; Roakes Decl. ¶¶ 14-16). PIIC sought "indemnity from [Nationwide] as the insurance carrier for the origin unit (Unit 16)." (*Id.*) Thus, multiple demands have been presented to Nationwide to pay damages and to indemnify the Estate of Karim H. Oteifa, and Maha Khedr in her capacity as the personal representative of the Estate of Karm H. Oteifa, for damages allegedly caused by the negligence of Karim H. Oteifa. (Roakes Decl. ¶ 16).

Nationwide contends that neither the Decedent nor the property at issue—Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia—were "insured" or covered under the Nationwide Homeowner Policy or Nationwide Umbrella Policy. (Compl. ¶ 16-20). Specifically, Nationwide argues that the Nationwide Homeowner Policy covered the residential premise located at 12748 Misty Creek Lane, Fairfax, Virginia, and the Nationwide Umbrella Policy covered the residential premise located at 11776 Stratford House Place, Apt. 502, Reston, Virginia, and neither policy covered the Kings Chapel Road location. (Compl. ¶¶ 17, 20; Compl., Exhs. 1, 2). As such, Nationwide denies that it has any obligation to provide insurance coverage for the claims and causes of action arising out of the May 24, 2020 fire and that the Nationwide Policies did not afford insurance coverage or benefits to, or for Karim Oteifa, to or for Carim Oteifa, or to or for the Estate of Karim H. Oteifa, or to or for Ms. Khedr in her capacity as a personal representative of the Estate of Karim H. Oteifa, Deceased. (*Id.* ¶ 22).

On December 14, 2022, Nationwide filed an executed returned Summons indicating that Ms. Khedr was served the Summons and Complaint on December 13, 2022, which required her to answer or otherwise respond to the Complaint by January 3, 2023. (Dkt. 8). On January 12, 2023, Nationwide filed a waiver of service returned executed by Defendant Levine, indicating that

Defendant Levine waived service and his Answer was due February 13, 2023.  (Dkt. 9).  On January 18, 2023, Defendant Levine filed his Answer to the Complaint.  (Dkt. 10).  On February 7, 2023, the District Judge entered the Scheduling Order.  (Dkt. 11).

On March 13, 2023, Nationwide requested entry of default as to Ms. Khedr, and the same day, the Clerk entered default as to Ms. Khedr.  (Dkts. 12, 13).  On March 13, 2023, Nationwide also filed a joint discovery plan in anticipation of the initial pretrial conference before the undersigned and pursuant to the Court's Scheduling Order.  (Dkt. 14).  That same day, the Court received a Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction signed and filed by Ms. Khedr, in which Ms. Khedr consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Dkt. 15).  Defendant Khedr has not filed any additional documents since filing the form consenting to the exercise of jurisdiction by a United States Magistrate Judge, nor has she otherwise appeared before this Court.  On March 16, 2023, the undersigned held the initial pretrial conference between Nationwide and Defendant Levine and adopted the parties' joint discovery plan.  (Dkt. 16).

On May 9, 2023, Nationwide filed the Declaration of Laura A. Roakes, a representative of Nationwide, in support of the Motion for Summary Judgment as to Defendant Levine and Motion for Default Judgment as to Defendant Khedr (Dkt. 17), a Motion for Default Judgment as to Defendant Khedr (Dkt. 18), and a Memorandum in Support of Motion for Default Judgment (Dkt. 19).  Nationwide also filed a certificate of service, certifying that copies of the Complaint and Exhibits, Summons, Clerk's Entry of Default, Motion for Default Judgment, Memorandum in Support of the Motion for Default Judgment, and Declaration in Support of the Motion for Default Judgment and Motion for Summary Judgment were mailed first class via postal service to Defendant Khedr at her residential address on May 9, 2023.  (Dkt. 20).  On May 16, 2023,

4

Nationwide filed its Motion for Summary Judgment (Dkt. 21), memorandum in support (Dkt. 22), and noticed the hearings for both the summary judgment and default judgment motions (Dkt. 23). The Motion for Default Judgment hearing was set before the undersigned for June 23, 2023.  The Motion for Summary Judgment hearing was set before the District Judge for July 6, 2023.

On June 21, 2023, the District Judge held the final pretrial conference and removed the summary judgment hearing from the docket.  (Dkt. 29).  On June 23, 2023, counsel for Nationwide appeared before the undersigned and presented argument in support of its Motion for Default Judgment, and no one appeared on behalf of Defendant Khedr.  (Dkt. 30).  During the hearing, counsel for Nationwide consented to withdrawal of its Motion for Default Judgment in order to address issues with the Summons, service of process, and Notice of the Motion Hearing raised by the Court.  (Dkt. 31).[2]  The Court then denied the Motion for Default Judgment without prejudice.

On July 31, 2023, Nationwide filed a returned executed Summons, which confirmed that Ms. Khedr was served the Summons and Complaint on July 17, 2023 at the correct address, and Ms. Khedr was required to answer or otherwise respond by August 7, 2023.  (Dkt. 36).  On July 31, 2023, counsel for Nationwide, Daniel L. Robey, filed a certificate of service, confirming that the Summons, Complaint, and all other pleadings filed through July 31, 2023 had been mailed, first class to Defendant Khedr at the correct address.  (Dkt. 37).  On August 8, 2023, Nationwide requested entry of default as to Defendant Khedr and on the same day, before the Clerk entered default, filed its renewed Motion for Default Judgment.  (Dkts. 38, 39).  On August 16, 2023, the Court denied Nationwide's renewed Motion for Default Judgment without prejudice because the

---

[2]  In the Summons returned executed and filed by Nationwide on December 14, 2022 (Dkt. 8), the address associated with Defendant Khedr included the incorrect street name.  The address listed on the Summons included the street name "Strateford House Place"; however, the correct street name is "Stratford House Place."

motion was filed prior to the Clerk entering default and therefore violated Fed. R. Civ. P. 55.  (Dkt. 40).  The Court then ordered Nationwide to file a second renewed Motion for Default Judgment after the Clerk entered default as to Ms. Khedr.  *Id*.

On August 22, 2023, Nationwide filed the declaration of its attorney, Daniel L. Robey, in support of its request for entry of default.  (Dkt. 41).  The Clerk entered default as to Defendant Khedr on August 23, 2023.  (Dkt. 42).  On September 27, 2023, Nationwide filed its Second Renewed Motion for Default Judgment as to Maha Khedr (Dkt. 43) and noticed the motion for a hearing on October 20, 2023.  (Dkt. 44).  On October 19, 2023, Nationwide filed an affidavit of service confirming that notice of the Second Renewed Motion for Default Judgment was served on Ms. Khedr on October 5, 2023.  (Dkt. 45).  On October 20, 2023, Nationwide's counsel appeared and presented argument as to its Second Renewed Motion for Default Judgment, and no one appeared on behalf of Defendant Khedr.  (Dkt. 46).  In fact, a review of the record reveals that Ms. Khedr has never answered or otherwise properly responded to Nationwide's Complaint.

Finding the allegations in the Complaint to be uncontested, the undersigned took the matter under advisement to issue this Report and Recommendation.

### Facts Alleged in the Complaint and Deemed Admitted

Fed. R. Civ. P. 55 provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Based on the failure of Defendant Khedr to file an answer or other responsive pleading in a timely manner, the Clerk entered default as to Defendant Khedr.  (Dkt. 42).  A defendant in default admits the factual allegations in the complaint.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (stating

6

that when a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

In this case, the following facts are established by the Complaint, supported by Plaintiff's Motion for Default Judgment,[3] memorandum in support, and accompanying affidavits and exhibits, and are deemed admitted.  Plaintiffs Nationwide General Insurance Company and Nationwide Mutual Insurance Company are Ohio corporations, with their principal place of business located in Columbus, Ohio.  (Compl. ¶ 5).  Nationwide is, and at all times relevant to this action was, duly authorized to conduct business in the Commonwealth of Virginia.  (*Id*.)

Defendant Khedr is an individual who is of the age of majority, who is *sui juris*, who is not a member of the Armed Forces of the United States on active duty, and who is a resident of Fairfax County, Virginia.  (*Id*. ¶ 7).  Ms. Khedr is joined individually in this action as the "Named Insured" under the Nationwide Policies.  Ms. Khedr is a necessary party to this action because she is the "Named Insured" in the policies of insurance at issue, and because she seeks liability insurance coverage for the claims and causes of action described on behalf of the Estate of Karim H. Oteifa. (*Id*.)

Nationwide issued two policies of insurance to Defendant Khedr—the Nationwide Homeowner Policy and Nationwide Umbrella Policy—both of which were formed, made and entered into in Fairfax County, Virginia and were in effect on May 24, 2020.  (Compl. ¶ 1).  The Nationwide Homeowner Policy provided $500,000.00 in personal liability coverage to Ms. Khedr, and the Nationwide Umbrella Policy provided $1,000,000.00 in excess of personal liability

---

[3] While Plaintiff filed three Motions for Default Judgment as to Defendant Khedr, the Second Renewed Motion for Default Judgment (Dkt. 43) will be the operative "Motion for Default Judgment," and hereinafter referred to as such, for purposes of this Report and Recommendation.

coverage to Ms. Khedr.  (*Id*. ¶ 2).  Neither policy afforded coverage to Karim H. Oteifa (also referred to as Carim Oteifa or "Decedent") or to Maha Khedr in her capacity as the personal representative of the Estate of Karim H. Oteifa, Deceased.  (*Id*.; Compl., Exh. 1, 2).  There are no other insurance policies issued or written by Nationwide, or any affiliate insurance carrier of Nationwide, that could potentially afford insurance coverage or benefits to Defendant Khedr, or for the claims and causes of action identified herein other than the two Nationwide Policies at issue.  (Compl. ¶ 4).

*Underlying Incident and Civil Claim*

On May 24, 2020, the Decedent Karim H. Oteifa was residing in the property described as Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia, when a fire occurred in the building.  (Compl. ¶ 11).  The Decedent perished in the fire.  (*Id*.)  On May 24, 2020, Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia was owned by Amin Oteifa, Trustee of the Karim H. Oteifa Special Supplemental Care Trust.  (*Id*. ¶ 12).  The deed to the property dated December 3, 2019 indicates that Maha Khedr, Trustee of the Hassan A.N. Oteifa Revocable Trust as Grantor, conveyed the property to Amin Oteifa, Trustee of the Karim H. Oteifa Special Supplemental Care Trust as Grantee.  (*Id*.; Compl., Exh. 3).

Nationwide received a letter dated May 6, 2021 from Jeffrey M. Zielinkski of the law firm of de Luca Levine to Nationwide Insurance for a demand on behalf of PIIC for $506,347.32, which represented alleged damages to the property at 2906 Kings Chapel Road, Falls Church, Virginia resulting from the May 24, 2020 fire.[4]  (Compl. ¶ 13; Compl., Exh. 4).  The May 6, 2021 letter

---

[4] The Complaint refers to PIIC as "Defendant PIIC"; however, PIIC is not a named defendant in this declaratory judgment action even though PIIC was the third-party making the demands and listed as the plaintiff in the proposed complaint provided to Nationwide.  (*See* Compl. ¶¶ 13-14; Compl., Exh. 6).  Although Nationwide likely could have properly named PIIC as a defendant in this action, it chose not to do so.  *See generally Empire Fire & Marine Ins. Co. v. Pandt-Brown,*

stated that an "investigation into the matter reveal[ed] that your insured's son, Amine Oteifa, is responsible for the damages due to his careless smoking that caused the fire."[5]  (*Id*.)  PIIC sought indemnity from Nationwide as the insurance carrier for the original unit.  (*Id*.)  Nationwide received a second letter dated June 8, 2021 from Mr. Zielinski again demanding $506,347.32 on behalf of PIIC for alleged damages to the property as a result of the May 24, 2020 fire.  (Compl. ¶ 14; Compl., Exh. 5).  Both letters contained a statement that legal action would proceed unless Nationwide provided a "substantive response" within thirty days after the dates of the letters.  (Compl. ¶ 15).  In fact, a courtesy copy of the proposed complaint that PIIC stated would be filed in the United States District Court for the Eastern District of Virginia to initiate the legal action was also provided to Nationwide.  (*Id*.; Compl., Exh. 6; Robey Decl. ¶ 7).  The proposed complaint listed Maha Khedr, individually and as Administratix and/or Executrix of the Estate of Carim Oteifa, Deceased, as the Defendant and included a prayer for judgment that exceeds $75,000.00,

---

322 F. Supp. 3d 694, 698 (E.D. Va. 2018); *Fireman's Insurance Company of Washington, D.C. v. Kline & Son Cement Repair, Inc., et al.,* 474 F. Supp. 2d 779 (E.D. Va.).  Even though no binding precedent requires Nationwide to join PIIC to this action, the Fourth Circuit has recognized that a "third-party's interest in defining the scope of insurance coverage is independent of the interest of the insured." *Penn Am. Ins. Co. v. Valade*, 28 F. App'x 253, 257 (4th Cir. 2002).  Therefore, injured third-parties "acquire[] standing–independent of that of the insured–to defend itself in the declaratory judgment proceeding."  *Id*.  To the extent PIIC is considered an "injured party," the default judgment that the undersigned recommends be entered against Ms. Khedr, the insured, may "not negate the case or controversy existing between the insurer . . . and the injured third party." *Id*.; *see also Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F. Supp. 2d 641, 646 n. 2 (D. Md. 2009). As a result, given that Nationwide did not name PIIC as a party to this action, any declaratory judgment may not foreclose a future cause of action brought by PIIC.

[5] The demand letters dated May 6, 2021 and June 8, 2021 (Compl., Exhs. 4, 5) list "Amine Oteifa" as the individual who allegedly caused the fire.  However, the proposed complaint provided to Nationwide identified the Decedent as the individual who caused the fire resulting from his "negligent and careless use, handling and/or disposal of smoking materials."  (Compl., Exh. 6). Given the content of the proposed complaint and the factual allegations put forth in the Complaint in this matter, the undersigned views the inclusion of "Amine Oteifa" in the demand letters as an error that was meant to refer to the Decedent.

exclusive of interest and costs, as opposed to what was specifically demanded in the letters, $506,347.32.  (Compl. ¶ 15; Compl., Exh. 6).  The proposed complaint has yet to be filed.  (Robey Decl. ¶ 7).

*Coverage under the Nationwide Homeowner Policy*

Under the Nationwide Homeowner Policy, the policyholder or "Named Insured" of the policy was listed as Maha M. Khedr.  (Compl., Exh. 1).  The term "insured" is defined as the "Named Insured" and residents of the household of the "Named Insured" who are relatives or "other persons under the age of 21 and in your care or the care of a resident of your household who is your relative."  (Compl. ¶ 16; Compl., Exh. 1).  The "residence premises" identified in the declarations was 12748 Misty Creek Lane, Fairfax, Virginia.  (*Id*.)  At the time of the May 24, 2020 fire, the Decedent was residing at Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia, and was not a resident of the Named Insured's household.  (*Id*.)  Additionally, Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia was not covered for property damage claims under the Nationwide Homeowner Policy.  (Compl. ¶ 17; Compl., Exh. 1).  The Nationwide Homeowner Policy covered the dwelling on the "residence premises," at 12748 Misty Creek Lane, Fairfax, Virginia and covered other structures on the "residence premises."  (*Id*.)  The Nationwide Homeowner Policy provided no provision that would have included Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia for property coverage under the policy.  (*Id*.)   Further, the Estate of Karim H. Oteifa, the Decedent, was not entitled to liability coverage under the Nationwide Homeowner Policy because Karim H. Oteifa was not an "insured" under the policy.  (Compl. ¶ 18).  The Nationwide Homeowner Policy only afforded liability coverage to an "insured" for damages because of bodily harm or property damage caused by an occurrence to which the coverage applied pursuant to the liability coverages of the

policy.  (*Id.*; Compl., Exh. 1).

*Coverage under the Nationwide Umbrella Policy*

Similarly, the Nationwide Umbrella Policy does not afford excess insurance coverage to the Estate of Karim H. Oteifa, Deceased, because Karim Oteifa was not an "insured" within the meaning of the policy.  (Compl. ¶ 19).  The Nationwide Umbrella Policy defined an "insured" to include relatives who were residents of the household of the "Named Insured," Maha M. Khedr.  (*Id.* ¶ 20; Compl., Exh. 2).  Further, the "residence premises" identified in the declarations was 11776 Stratford House Place, Apartment 502, Reston, Virginia 20190-3382.  (*Id.*)  Again, the Decedent was residing at Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia, at the time of the May 24, 2020 fire.  (*Id.*)

## Jurisdiction and Venue

A court must have both subject matter jurisdiction and personal jurisdiction over the defendant, and venue in this judicial district must be proper before it can render a default judgment.

*Subject Matter Jurisdiction*

This matter is properly before the Court pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship and an appropriate amount in controversy.  Nationwide is an Ohio corporation with its principal place of business in Columbus, Ohio.  (Compl. ¶ 5).  Defendant Khedr is an individual who is a resident of Fairfax County, Virginia with a last known residential address of 11776 Stratford House Place, Apt. 502, Reston, Virginia 20190.  (*Id.* ¶ 7; Roakes Decl. ¶ 10).  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, because the alleged property damage caused by the May 24, 2020 fire and demanded of Nationwide in the letters, is $506,347.32, and the proposed complaint further includes a demand for an amount exceeding $75,000.00, exclusive of interest and costs, for such damages.  (Compl. ¶¶ 8, 13-15;

11

Compl., Exh. 6 ¶¶ 6, 22, 24).  Given that these allegations are deemed admitted, the undersigned recommends the Court find it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  This Court has jurisdiction over Nationwide's declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, which allows federal courts to issue declaratory judgments in cases that (i) meet the constitutional case or controversy requirements and (ii) present a valid basis for subject matter jurisdiction, *i.e.*, diversity or federal question jurisdiction.  *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 826 (E.D. Va. 2001).  An appropriate case for declaratory relief is "one where a plaintiff has an objective and reasonable apprehension of future litigation, which is of sufficient immediacy and reality, that a declaration of legal rights 'will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding.'"  *Energy Recovery, Inc. v. Hauge*, 133 F. Supp. 2d 814, 817 (E.D. Va. 2000) (quoting *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256–57 (4th Cir. 1996)).

First, whether the Nationwide Policies cover the May 24, 2020 fire is clearly a justiciable controversy in which the scope of Nationwide's contractual duty may be properly determined by a declaratory judgment.  *See, e.g., Nationwide Gen. Ins. Co. v. Martinez*, No. 1:22CV1428 (AJT/JFA), 2023 WL 2879505, at *4 (E.D. Va. Mar. 24, 2023), *report and recommendation adopted*, No. 122CV1428AJTJFA, 2023 WL 2874935 (E.D. Va. Apr. 10, 2023) ("[D]ue to plaintiff being presented with a demand to provide coverage for defendant for the claims and causes of action arising from the [] civil action, plaintiff has established [] this case is appropriate for declaratory relief."); *Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F. Supp. 2d 641, 646 n. 1 (D.

Md. 2009) (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 n. 3 (4th Cir. 1994), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ( "The Fourth Circuit has stated that [a] dispute between a liability insurer, its insured, and a third party with a tort claim against the insured over the extent of the insurer's responsibility for that claim is an 'actual controversy' within the meaning of the federal Declaratory Judgment Act, even though the tort claimant has not yet reduced his claim against the insured to judgment.") (internal quotations omitted)).  Therefore, the undersigned recommends the Court find this declaratory judgment action satisfies the constitutional case or controversy requirement.

Second, as described above, this matter is properly before the Court pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Given the factual allegations regarding diversity of citizenship and amount in controversy are deemed admitted, the undersigned further recommends the Court find that Plaintiffs have established subject matter jurisdiction and that this case is appropriate for declaratory relief.

*Personal Jurisdiction*

The inquiry for personal jurisdiction requires either specific jurisdiction "based on conduct connected to the suit" or general jurisdiction based on "continuous and systematic" activities in the forum state.  *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012) (quoting *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002)).  A court has general jurisdiction over an individual defendant who is domiciled in the forum state.  *Goodyear Dunlop Tires Operation, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Here, the Court has personal jurisdiction over Defendant Khedr because she resides in

Virginia and a substantial part of the events or omissions giving rise to the claims occurred in Virginia. Indeed, the Nationwide Policies were formed, made, and entered into in Fairfax County, Virginia, and the May 24, 2020 fire occurred in Falls Church, Virginia, both of which are in the Eastern District of Virginia. (Compl. ¶¶ 1, 7, 11). Therefore, the undersigned recommends the Court find that it has personal jurisdiction over Defendant Khedr.

*Venue*

Finally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred within this District. (Compl. ¶¶ 1, 11). Venue is also proper in this District under § 1391(b)(1), (c)(1), and (c)(2) because Defendant Khedr resides in this District. (Compl. ¶ 7). Thus, the undersigned recommends the Court find venue is proper in the Eastern District of Virginia.

## Service of Process

Pursuant to Fed. R. Civ. P. (4)(e)(1), "an individual . . . may be served in a judicial district of the United States by [] following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." As to service on natural persons, Virginia Code § 8.01-296(2)(b) provides that "[i]f such service cannot be effected under subdivision 2a, then by posting a copy of such process at the front door or at such door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agents mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing." Additionally, pursuant to Fed. R. Civ. P. 4(e)(2)(A), a plaintiff may "deliver[ ] a copy of the summons and of the complaint to the individual personally."

14

Here, Nationwide alleges that it was unable to effect service under subdivision 2a, and then it served Ms. Khedr by posting notice of the Summons and Complaint at her dwelling or usual place of abode on December 13, 2022. (Dkt. 8; Robey Decl. ¶ 10). On May 9, 2023, Nationwide's counsel, Daniel L. Robey, filed a certificate of service confirming that such process was mailed, first-class to Ms. Khedr on May 9, 2023. (Dkt. 20). However, the summons returned executed (Dkt. 8) included a typographical error in Ms. Khedr's residential address, and the Court ordered Nationwide to serve the Summons and Complaint upon Defendant Khedr at the correct address. On July 17, 2023, Nationwide personally served Ms. Khedr the Summons and Complaint at her residence. (Dkt. 36; Robey Decl. ¶ 17). Nationwide then filed a second certificate of service confirming that the Complaint and all other pleadings and filings in this matter had been mailed, first-class to Ms. Khedr on July 31, 2023. (Dkt. 37).

Therefore, the undersigned recommends the Court find that Nationwide properly served Defendant Khedr in accordance with Fed. R. Civ. P. 4.[6] Moreover, due to the fact that on March 13, 2023 Ms. Khedr filed with the Court a document indicating her willingness to consent to magistrate judge jurisdiction in this case (Dkt. 15), the undersigned recommends the Court find that Ms. Khedr has actual knowledge of the nature and existence of Nationwide's Complaint.

### Fed. R. Civ. P. 12(b)(6) Analysis of Nationwide's Declaratory Judgment Claim Pursuant to 28 U.S.C. § 2201

Before entering default judgment, the Court must evaluate the complaint against the

---

[6] Because this Complaint seeks only a declaratory judgment to define the scope of the Nationwide Policies, the undersigned recommends the Court find that notice of this action is only required to be served upon Ms. Khedr, the Nationwide Policies' named insured, for purposes of this default judgment. However, as noted in footnote 4 above, because Nationwide did not name PIIC as a party to this action, any declaratory judgment may not foreclose a future cause of action brought by PIIC.

standards of Fed. R. Civ. P. 12(b)(6) to ensure that the complaint properly states a claim.  *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").  Nationwide has brought this action seeking a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the insurance policies issued by Nationwide to Ms. Khedr did not afford coverage for any claims arising from the May 24, 2020 fire in her capacity as the executor and/or personal representative of the Estate of Karim H. Oteifa.

As an insurance dispute before the Court on diversity jurisdiction, the choice-of-law rules of the forum state apply.  *See CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154–55 (4th Cir. 2009).  For insurance disputes, Virginia applies "the law of the place where an insurance contract is written and delivered."  *Buchanan v. Doe*, 431 S.E.2d 289, 291 (Va. 1993). In this case, the Nationwide Policies were made, formed, and entered into in Fairfax County, Virginia.  (Compl. ¶ 1; Compl., Exhs. 1, 2).  Therefore, the Court evaluates Nationwide's claims under Virginia law.  Under Virginia law, "the interpretation of a contract is a question of law." *Tiger Fibers, LLC v. Aspen Specialty Ins. Co.*, 594 F. Supp. 2d 630, 638 (E.D. Va. 2009) (citing *City of Chesapeake v. States Self-Insurers Risk Retention Group, Inc.*, 271 Va. 574, 578 (2006)). An insured has the burden to establish coverage under the terms of the policy.  *Bituminous Cas. Corp. v. Sheets*, 239 Va. 332, 336 (1990).  The Fourth Circuit has held that courts "should give the language its plain and ordinary meaning and enforce the policy as written."  *See Seabulk Offshore, Ltd. v. Am. Home Assur. Co.*, 377 F.3d 408, 419 (4th Cir. 2004).

In a declaratory relief action requesting judicial determination of an insurer's duties under an insurance contract, the primary issue presented in the pleadings is the dispute over an insurer's

duty to defend and indemnify. *Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd., LLC*, No. 2:10CV310, 2010 WL 5476748, at *2 (E.D. Va. Dec. 2, 2010) (citing *Marsh v. Cincinnati Ins. Co.*, No. 4:08–cv–2441, 2008 WL 4614289, at *2 (D.S.C. Oct. 15, 2008)).  An insurer has a duty to defend the insured in court when the insured's claim is covered under an insurance policy. *See Safe Auto Ins. Co. v. Spruill*, No. 1:19-CV-01618 (AJT/IDD), 2020 WL 5949648, at *4 (E.D. Va. Sept. 4, 2020), *report and recommendation adopted*, No. 1:19-CV-01618 (AJT/MSN), 2020 WL 5949216 (E.D. Va. Oct. 7, 2020).

As stated above, Nationwide issued Defendant Khedr two policies of insurance—the Nationwide Homeowner Policy and the Nationwide Umbrella Policy—both of which were in effect on May 24, 2020, the date of the fire.  (Compl. ¶¶ 1-3).

*The Nationwide Homeowner Policy*

The Nationwide Homeowner Policy was issued to Defendant Khedr on March 30, 2020. (Compl. ¶ 1; Compl., Exh. 1 at 1). [7]  The Nationwide Homeowner Policy provided property and liability coverages, defined under Section I and Section II of the policy.  (Compl., Exh. 1 at 2). The Homeowner Policy Declarations identify Maha M. Khedr as the "Policyholder" and "Named Insured."  (*Id*. at 1).  The declarations further list the "Residence Premises Information" as 12748 Misty Creek Ln, Fairfax, VA 22033-1727.  (*Id*.)

Under the Nationwide Homeowner Policy, "insured" is defined as: "You and residents of your household who are: (1) Your relatives; or (2) Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative."  (*Id*. at 8-9).  "You" and "Your" refer to the "Named Insured" shown in the Declarations (i.e. Maha M. Khedr).  (*Id*. at 7).

---

[7] For clarity, the page numbers referenced in the insurance policies correlate to the exhibit page number, not the page number of the policy itself.

Thus, based on the plain meaning of the definitions, the Nationwide Homeowner Policy defines an "insured" as the Named Insured, Maha Khedr, and residents of the household of the Named Insured. (Compl. ¶ 16). The Decedent was residing at Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia, at the time of the May 24, 2020 fire, and was not a resident of the Named Insured's household. (*Id.*) Therefore, the Decedent was not an "insured" under the Nationwide Homeowner Policy at the time of the May 24, 2020 fire. (*Id.*)

Additionally, the Nationwide Homeowner Policy defines "residence premises" as "[t]he one-family dwelling where you reside; [] [t]he two-, three-, four-family dwelling, where you reside in at least one of the family units; or [] [t]hat part of any other building where you reside; on the inception date of the policy period shown in the Declarations and which is shown as the 'residence premises' in the Declarations." (Compl., Exh. 1 at 10). Under "Section I – Property Coverages, A. Coverage A – Dwelling" of the Nationwide Homeowner Policy, the policy covered "the dwelling on the 'residence premises' shown in the Declarations, including structures attached to the dwelling; and [] materials and supplies located on or next to the 'residence premises' used to construct alter or repair the dwelling or other structures on the 'residence premises.'" (Compl., Exh. 1 at 11). "Coverage B – Other Structures" covered other structures on the "residence premises" set apart from the dwelling by clear place. (*Id.*) Again, the declarations list 12748 Misty Creek Lane, Fairfax, Virginia as the "residence premises." No other provision in the Nationwide Homeowner Policy would have included Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia for property damage coverage under Section I – Property Coverages of the policy. (Compl. ¶ 17). Thus, Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia, was not covered for property damage claims under the Nationwide Homeowner Policy. (Compl. ¶ 17).

Finally, the Nationwide Homeowner Policy affords liability coverage to an "insured" for damages of bodily injury or property damages caused by an occurrence to which the coverage applied pursuant to "Section II – Liability Coverages, Coverage E – Personal Liability." (Compl., Exh. 1 at 28). Again, since Karim H. Oteifa was not an "insured" under the policy, neither Karim H. Oteifa nor the Estate of Karim H. Oteifa is entitled to liability coverage under Section II. (Compl. ¶ 18).

Therefore, the undersigned recommends that the Court find that the Nationwide Homeowner Policy does not afford coverage to the property identified as Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia or to Karim Oteifa, the Estate of Karim Oteifa, or for Maha Khedr in her capacity as a personal representative of the Estate of Karim H. Oteifa, Deceased.

*The Nationwide Umbrella Policy*

The Nationwide Umbrella Policy was issued to Ms. Khedr on October 24, 2019 and provided Ms. Khedr with excess personal liability insurance. (Compl., Exh. 2 at 3). Like the Nationwide Homeowner Policy, the Nationwide Umbrella Policy identifies Maha M. Khedr as the "Policyholder" and "Named Insured." (*Id*.) In the Nationwide Umbrella Policy, the declarations list the "residence premises" as 11776 Stratford House Place, Apartment 502, Reston, Virginia 20190-3382. (Compl. ¶ 20).

Under the Nationwide Umbrella Policy, "insured" is defined, in relevant part, as: "You" or a "family member." (Compl., Exh. 2 at 6). "You" is defined as the "Named Insured." (*Id*.) "Family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household." (*Id*. at 10). As previously mentioned, the Decedent was residing at Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia, at the time of the May

24, 2020 fire. (Compl. ¶ 19).  Therefore, the Decedent was not a resident of the "Named Insured's" household and was not an "insured" within the meaning of the Nationwide Umbrella Policy.  (*Id.* ¶¶ 19-20).  Moreover, the residential address listed on the declarations under the "Named Insured's" name, Maha M. Khedr, is 11776 Stratford House Place, Apartment 502, Reston, VA 20190-3382. (*Id.*)

Thus, the undersigned recommends that the Court find that the Nationwide Umbrella Policy does not afford coverage to the property identified as Unit 16, 2906 Kings Chapel Road, Falls Church, Fairfax County, Virginia or to Karim Oteifa, the Estate of Karim Oteifa, or for Maha Khedr in her capacity as a personal representative of the Estate of Karim H. Oteifa, Deceased.

### Requested Relief

Nationwide requests the Court enter default judgment against Defendant Khedr and grant the declaratory relief Nationwide has sought in accordance with the Declaratory Judgment Act. (Compl. ¶ 23).  The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  Should a court provide such declaratory relief, it "shall have the force and effect of a final judgment or decree and shall be reviewable as such."  (Id.)

The undersigned recommends the Court find that the Nationwide Policies issued to Defendant Khedr do not afford coverage for any claims or causes of action asserted by, or against Defendant Khedr, arising directly or indirectly out of the May 24, 2020 fire.  Therefore, the undersigned recommends the Court grant Nationwide's request for a declaratory judgment.

### Recommendation

For the reasons outlined above, the undersigned United States Magistrate Judge

recommends that Plaintiffs Nationwide General Insurance Company and Nationwide Mutual Insurance Company's Motion for Default Judgment be granted as to Defendant Khedr. Specifically, the undersigned recommends Nationwide receive a declaratory judgment that:

1) the Nationwide Policies were issued to Maha Khedr individually as the Named Insured, and the policies were in effect on May 24, 2020;

2) the Nationwide Policies are the only policies of insurance written or issued by Nationwide, or its affiliates, that could afford coverage to or for Defendant Khedr for claims arising out of the May 24, 2020 fire;

3) Karim H. Oteifa, also referred to as Carim Oteifa, was not an "insured" within the meaning of the Nationwide Policies;

4) Karim H. Oteifa, also referred to as Carim Oteifa, is not, and was not, entitled to coverage or benefits under the Nationwide Policies for the claims and causes of actions arising, directly or indirectly, out of the May 24, 2020 fire;

5) Neither the Estate of Karim H. Oteifa, or the duly appointed personal representative of the Estate of Karim H. Oteifa, are entitled to coverage benefits under the Nationwide Policies for the claims and causes of action arising, directly or indirectly, out of the May 24, 2020 fire;

6) the Nationwide Policies do not afford coverage for any claims or causes of action asserted by, or against the Defendant Khedr arising directly or indirectly out of the May 24, 2020 fire;

7) Nationwide has no obligation to provide insurance coverage or benefits to or for Defendant Khedr or to pay any judgments, settlements or claims arising, either directly or indirectly, out of the May 24, 2020 fire.

**Notice**

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to file timely objections waives appellate review of any judgment or decision based on this Report and Recommendation.

_William E. Fitzpatrick_
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

February 6, 2024
Alexandria, Virginia