IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MAHA KHEDR, *et al.*, <br><br> *Defendants.* | Civil Action No. 1:22-cv-1346 (PTG/WEF) |

## ORDER

This matter comes before the Court on the February 06, 2024 Report and Recommendation ("R&R") from Magistrate Judge William E. Fitzpatrick regarding Plaintiffs Nationwide General Insurance Company and Nationwide Mutual Insurance Company's ("Plaintiffs") Second Renewed Motion for Default Judgment as to Defendant Maha Khedr ("Defendant Khedr") (Dkt. 43). Dkt. 48. Judge Fitzpatrick advised the parties that objections to the R&R must be filed within fourteen (14) days of service and failure to object waives appellate review. Dkt. 48 at 21. To date, no objections have been filed.

After reviewing the record and Judge Fitzpatrick's Recommendation, and finding good cause, the Court hereby **APPROVES** and **ADOPTS** the findings Judge Fitzpatrick set forth in the R&R (Dkt. 48). Accordingly, it is

**ORDERED** that Plaintiffs' Second Renewed Motion for Default Judgment as to Defendant Khedr (Dkt. 43) is **GRANTED**; and it is further

**ORDERED** and **DECLARED** that:

(1) the Nationwide General Insurance Company Homeowner Policy 53 45 HO 899504 (the "Nationwide Homeowner Policy") and Nationwide Mutual Insurance Company Personal

Umbrella Liability Policy 53 45 PU 501808 (the "Nationwide Umbrella Policy") (collectively, the "Nationwide Policies") were issued to Maha Khedr individually as the Named Insured, and the policies were in effect on May 24, 2020;

(2) the Nationwide Policies are the only policies of insurance written or issued by Plaintiffs, or their affiliates, that could afford coverage to or for Defendant Khedr for claims arising out of the May 24, 2020 fire that resulted in the death of Defendant Khedr's son, Karim H. Oteifa (also referred to as Carim Oteifa);

(3) Karim H. Oteifa, also referred to as Carim Oteifa, was not an "insured" within the meaning of the Nationwide Policies;

(4) Karim H. Oteifa, also referred to as Carim Oteifa, is not, and was not, entitled to coverage or benefits under the Nationwide Policies for the claims and causes of actions arising, directly or indirectly, out of the May 24, 2020 fire;

(5) Neither the Estate of Karim H. Oteifa, nor the duly appointed personal representative of the Estate of Karim H. Oteifa, are entitled to coverage benefits under the Nationwide Policies for the claims and causes of action arising, directly or indirectly, out of the May 24, 2020 fire;

(6) the Nationwide Policies do not afford coverage for any claims or causes of action asserted by, or against Defendant Khedr arising directly or indirectly out of the May 24, 2020 fire; and

(7) Nationwide has no obligation to provide insurance coverage or benefits to or for Defendant Khedr or to pay any judgments, settlements or claims arising, either directly or indirectly, out of the May 24, 2020 fire.

The Clerk of Court is directed to enter judgment in favor of Plaintiffs, and against Defendant Khedr, as set forth above, pursuant to Federal Rule of Civil Procedure 55. The Clerk is further directed to forward a copy of this Order to all parties of record.

It is **SO ORDERED**.

\*\*\*

To appeal this decision, Defendant Khedr must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Defendant Khedr wants to appeal. Defendant Khedr need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Defendant Khedr's right to appeal this decision.

Dated: April /5, 2024
Alexandria, VA

/s/
Patricia Tolliver Giles
United States District Judge